TYSON, Judge.
Mervin D. Hinson, II ("defendant") appeals from judgment entered after a jury found him to be guilty of robbery with a dangerous weapon. We find no error.
I. Background
The State's evidence tended to show on 2 October 2001, Johnnie Hatley ("Hatley") was working at the Fast Stop Number 2 convenience store in New London, North Carolina. Hatley owned and operated the store. After the store closed around 1:00 a.m., Hatley went out of and locked the front door and activated the security alarm. As he did so, he heard a voice. Hatley turned around and saw a person holding a gun in his hand. The person was wearing a dark toboggan, dark coat, and a red cloth on his face. The person asked Hatley where the money was and Hatley told him it was in the store. The man replied, "Let's get it." They entered the store and the robber told Hatley to place all of the money in a bag. In addition to the money, the bag contained credit card receipts and checks. Both Hatley and the robber then left the store. The robber made Hatley go to one side of the building while he left. Hatley called the police. Hatley testified that he thought he recognized the voice of the robber as belonging to defendant.
Stanly County Sheriff Deputy Dennis Rickard ("Deputy Rickard") responded to Hatley's call. Hatley described the suspect to Deputy Rickard. At around 2:30 a.m., Deputy Rickard was present in the parking lot of Hatley's store when he noticed a green Toyota Camry pass by slowly. Deputy Rickard testified all individuals inside the car were looking at the store. He followed the Toyota Camry in his vehicle and observed that one individual in the backseat was wearing a black toboggan. Deputy Rickard pulled the Toyota Camry. When he approached the vehicle, he also noticed the individual in the backseat was no longer wearing a toboggan. A red cloth or bandana was located between his feet. The individual also wore dark clothing, which matched the general description given by Hatley. This individual was later identified as defendant.
Deputy Rickard searched defendant and found "a wad of cash" in his pocket. He received permission to search the vehicle and found a nine millimeter Glock handgun. One of the occupants of the car, William McCaskill ("McCaskill"), told Deputy Rickard "if this has to do with a robbery in New London, it was Merv." On 13 November 2001, defendant was indicted for robbery with a dangerous weapon. On 25 April 2002, a jury convicted d efendant as charged and the trial court sentenced him to a term of seventy to ninety-three months imprisonment. Defendant failed to perfect his appeal in a timely manner. We granted defendant's petition for writ of certiorari for a belated appeal on 13 December 2004.
II. Issue
The sole issue on appeal is whether the trial court erred in denying defendant's motion to dismiss the charge of robbery with a dangerous weapon due to insufficiency of the evidence.
III. Motion to Dismiss
Defendant argues insufficient evidence was presented to identify him as the perpetrator of the robbery to sustain the conviction. We disagree.
A. Standard of Review
A defendant is presumed to be innocent and the State must prove his guilt beyond a reasonable doubt. To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). When reviewing a defendant's motion to dismiss a charge for insufficiency of the evidence, "the trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994) (citing State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991)).
B. Sufficiency of the Evidence
Hatley testified he recognized the voice of the person who robbed him as belonging to defendant. Hatley testified that defendant's family had been doing business with him "for as long as I could remember" and he had many prior opportunities to hear defendant's voice.
Hatley also told police the robber was wearing a dark toboggan and a red cloth over his face. When Deputy Rickard spotted defendant as a passenger in the Toyota Camry, he was wearing a dark toboggan. Defendant was present in the immediate vicinity of the crime shortly after it occurred. After Deputy Rickard pulled the Toyota Camry over, he observed a red bandana or cloth lying between defendant's feet.
McCaskill testified that on the day of the robbery he lent defendant a gun and his mother's car. McCaskill further testified that defendant told him he was going to rob somebody. McCaskill testified that when defendant returned, he stated that "Johnnie was scared." Johnnie is Hatley's first name. McCaskill also testified that defendant had a paper bag with money and receipts in it, and defendant rolled up the money and put it in his pocket. Defendant was found in possession of a "wad of cash" and a gun was found inside the car. I n the light most favorable to the State, a reasonable juror could conclude on this evidence that defendant was the perpetrator of the offense. The State presented sufficient evidence to sustain defendant's conviction. This assignment of error is overruled.
IV. Conclusion
The trial court did not err in denying defendant's motion to dismiss. Sufficient evidence was presented from which a jury could conclude defendant was the perpetrator of the offense. Defendant received a fair trial free from the error he assigned and argued.
No error.
Judges MCCULLOUGH and ELMORE concur.
Report per Rule 30(e).